1
2
3
4
5
6
7
8

9                    **UNITED STATES DISTRICT COURT**

10                        EASTERN DISTRICT OF CALIFORNIA

11

12   AMERICAN GENERAL LIFE INSURANCE          Case No.  1:21-cv-00762-DAD-SKO
     COMPANY,
13                                            **FINDINGS AND RECOMMENDATION**
                                              **THAT PLAINTIFF'S MOTION FOR**
                 Plaintiff,                   **DEFAULT JUDGMENT BE**
14                                            **DENIED**
         v.
15                                            (Doc. 15)

16   ESPERANZA VARGAS VOGEL and              **OBJECTIONS DUE: 21 DAYS**
     MONICO RODRIGUEZ, as Trustee of the
17   Esperanza Vargas Special Needs Trust,    **ORDER DENYING MOTION FOR**
                                              **LEAVE TO DEPOSIT FUNDS INTO**
18               Defendants.                  **THE REGISTRY OF THE COURT**

19   _____/       (Doc. 14)

20

21                    **I.      INTRODUCTION**

22          On November 2, 2021, Plaintiff American General Life Insurance Company ("Plaintiff")

23   filed a motion for leave to deposit funds into the registry of the Court pursuant to Fed. R. Civ. P. 67

24   (Doc. 14) and a motion for default judgment against Defendants Esperanza Vargas Vogel

25   ("Defendant Vogel") and Monico Rodriguez ("Defendant Rodriguez"), as Trustee of the Esperanza

26   Vargas Special Needs Trust (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 55(b)(2) (Doc.

27   15).  No opposition to either motion has been filed. (*See* Docket.)

28

1    After having reviewed the papers and supporting material, the matter was deemed suitable

2    for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the Court vacated

3    the hearing set for December 8, 2021.  (Doc. 16.)  For the reasons set forth below, the undersigned

4    recommends that the motion for default judgment be denied, and the Court denies the motion for

5    leave to deposit funds.[1]

6                              **II.      FACTUAL BACKGROUND[2]**

7    On May 12, 2021, Plaintiff filed this diversity action seeking a declaration pursuant to the

8    Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., of the proper direction of payments due under

9    an annuity contract.  (Doc. 1 (Compl.).)  Plaintiff's predecessor-in-interest issued Annuity No.

10   404138 effective October 1, 2000, under which Defendant Vogel (formerly known as "Esperanza

11   Rodriguez-Vargas"), is the annuitant and measuring life (the "Annuity").  (Compl. ¶ 1.)  The

12   Annuity was issued in accordance with a Release in Full of All Claims and Rights (the "Settlement

13   Agreement") and Order Approving Petition for Leave to Compromise Claim of Minor ("Approval

14   Order") entered in *Antonia Rodriguez, et al., v. County of Stanislaus, et al.,* Case No. 148369, in the

15   Superior Court of the State of California, Stanislaus County (the "Underlying Action").  (*Id*.  *See*

16   *also* Doc. 1-3.)

17   In accordance with the Settlement Agreement and Approval Order, the Annuity directs

18   certain guaranteed payments to be made as follows (the "Annuity Payments"):

19            • monthly payments of $300.00 each, commencing November 1, 2000 through and

20                including April 1, 2014;

21            • semi-annual payments of $12,500.00 each, commencing July 1, 2014 through and

22                including January 1, 2019;

23            • monthly payments of $1,000.00 each, commencing July 1, 2014 through and

24

25   [1] The motion for default is referred to the undersigned by E.D. Cal. Local Rule 302(c)(19) for the entry of findings
     and recommendations.  *See* 28 U.S.C. § 636(b)(1)(B).  The motion for leave to deposit funds into the registry of the
26   Court is to be resolved by the undersigned by way of order, pursuant to Local Rule 150(a).
     [2] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will
27   be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United
     Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating
28   to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied.").
     Accordingly, the factual background is based on the allegations of the complaint.

1    including June 1, 2019;

2    • one lump sum payment of $50,000.00 due on April 11, 2021;

3    • one lump sum payment of $75,000.00 due on April 11, 2026;

4    • one lump sum payment of $150,000.00 due on April 11, 2031;

5    • one lump sum payment of $275,000.00 due on April 11, 2036;

6    • one lump sum payment of $500,000.00 due on April 11, 2041; and

7    • one lump sum payment of $868,825.00 due on April 11, 2046.

8    (Compl. ¶ 13; Doc. 1-1 at 3, 8; Doc. 1-3 at 2–3.)

9        The Settlement Agreement was executed by Defendant Rodriguez, the maternal grandfather

10   of Defendant Vogel, as "Guardian ad Litem of Plaintiff Esperanza Rodriguez." (Compl. ¶ 16.) The

11   Settlement Agreement does not define the Annuity's payee. (*Id.*) According to the assignment

12   executed by the defendants in the Underlying Action, through which they assigned their obligation

13   to make future payments in settlement of Defendant Vogel's claim in that Action, Defendant Vogel

14   (listed as "Esperanza Rodriguez-Vargas") is the "claimant" of these payments, which are to be made

15   "for" her. (Compl. ¶ 15; Doc. 1-2.)

16       In moving for court approval of the settlement in the Underlying Action, Defendant

17   Rodriguez filed a petition requesting that the court approve a special needs trust that would allow

18   Defendant Vogel to continue to receive federal and state benefits. (Compl. ¶ 17.) The Trust

19   Agreement and Special Needs Trust (the "Trust") submitted to the court in the Underlying Action

20   provides that (1) Defendant Rodriguez shall serve as trustee and (2) that "[t]he trust corpus shall

21   consist of a structured annuity, and [ ] the right, during the lifetime of [Defendant Vogel] to receive

22   the periodic payments . . . to be held in irrevocable trust for the special needs of [Defendant Vogel]."

23   (*Id.*) The Trust further provides for termination in the event of Defendant Vogel's death or early

24   termination by court order. (*Id.*)

25       In or around 2019, Defendant Vogel alleged that Defendant Rodriguez, as trustee of the

26   Trust, had "engaged in misconduct and mismanagement of trust assets." (Compl. ¶ 20.) According

27   to Plaintiff, Defendant Vogel "considered the Trust terminated but, despite request, was not able to

28   procure or provide a copy of an order terminating the Trust." (*Id.*)

1    In April 2021, Defendant Vogel informed Plaintiff that the Trust "remains in effect but that

2  [Defendant] Vogel desires to terminate it." (Compl. ¶ 21.)  To date, Plaintiff has not received

3  confirmation that the Trust has been terminated or that judicial action has been taken with respect

4  to Defendant Vogel's assertions of trustee misconduct. (*Id*. ¶ 22.)  Plaintiff placed a hold on the

5  Annuity Payments effective as of the April 11, 2021 payment. (*Id*. ¶ 23.)

6    On May 12, 2021, Plaintiff filed this action in diversity seeking an order, pursuant to the

7  Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. 57, determining the proper

8  direction of the held and remaining payments due under the Annuity and a declaration as to whether

9  Defendant Vogel or Defendant Rodriguez, as trustee of the Trust if in force, should be the payee of

10  the held and remaining Annuity Payments. (Compl. ¶ 25; *id*. at p. 7 ("Request for Relief").)  As set

11  forth in the Complaint, Plaintiff is legally obligated under the terms of the Annuity to remit each

12  payment, as it becomes due, to the proper payee; however, Plaintiff is unable to determine the proper

13  direction and/or payee of the Annuity Payments. (Compl. ¶ 27.)

14                    **III.    PROCEDURAL BACKGROUND**

15    Both Defendants returned executed waivers of service of summons: Defendant Vogel

16  executed her waiver on June 28, 2021, and Defendant Rodriguez's waiver was executed on August

17  2, 2021 (Doc. 8), by Dominga Rodriguez, who was appointed power of attorney for Defendant

18  Rodriguez in March 2021 (Doc. 10.)  Neither Defendant has filed an answer nor taken any action

19  indicating that they intend to defend this suit.

20    Plaintiff requested entry of default against Defendants on October 5, 2021 (Doc. 12), which

21  was entered by the Clerk of Court on October 6, 2021 (Doc. 13).  Plaintiff filed the present motion

22  for default judgment on November 2, 2021, requesting entry of a default judgment order (1)

23  awarding costs amount of $664.56 to be deducted from the Annuity Payments; (2) deeming Plaintiff

24  and its affiliates and agents "fully and finally discharged from any further liability arising out of or

25  relating to the Annuity or Annuity Payments"; and (3) dismissing with prejudice "[a]ny and all

26  claims, demands, debts, or causes of action arising out of or relating to the Annuity or Annuity

27  Payments that could have been asserted herein against American General by Defendants." (Doc.

28  15-1 at 9–10.)  Also pending is Plaintiff's separate motion, filed that same day, for an order granting

4

1   Plaintiff "leave to deposit into the registry of the Court the held Annuity Payment in the amount of

2   $50,000.00 and each remaining Annuity Payment, as it becomes due under the schedule set forth in

3   the Annuity, until further order of this Court."  (Doc. 14-1 at 5.)

### IV.      DISCUSSION

#### A.      Motion for Default Judgment

##### 1.        Legal Standard

7          A court may enter judgment against parties whose default has been taken pursuant to Rule

8   55(b).  *See PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002);

9   *Kloepping v. Fireman's Fund*, No. C 94–2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13,

10  1996).  Once a party's default has been entered, the factual allegations in the complaint, except those

11  concerning damages, are deemed to have been admitted by the non-responding party.  *See* Fed. R.

12  Civ. P. 8(b)(6); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating the general

13  rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount

14  of damages, will be taken as true"); *see also DirectTV v. Huynh*, 503 F.3d 847, 851 (9th Cir. 2007);

15  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  The court must still

16  "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in

17  default does not admit mere conclusions of law."  10A Charles Alan Wright, Arthur R. Miller, &

18  Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2688, at 63 (1998) (footnote

19  omitted); *see also Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir.1992)

20  ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not

21  established by default"); *Doe v. Qi*, 349 F. Supp. 2d 1258, 1272 (N.D.Cal.2004) ("[Although] the

22  factual allegations of [the] complaint together with other competent evidence submitted by the

23  moving party are normally taken as true . . . this Court must still review the facts to insure that the

24  Plaintiffs have properly stated claims for relief").

25         If the court determines that the allegations in the complaint are sufficient to establish

26  liability, it must then determine the "amount and character" of the relief that should be awarded.

27  *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting

28  FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2688, at 63).

1              **a.      Procedural Requirements**

2              Before a court can enter default judgment against a defendant, the plaintiff must satisfy the

3    procedural requirements for default judgments set forth in Rules 54(c) and 55 of the Federal Rules

4    of Civil Procedure.  Rule 54(c) states that "judgment by default shall not be different in kind from

5    or exceed in amount that prayed for in the demand for judgment."  Fed. R. Civ. P. 54(c).  Rule 55(a)

6    provides that the clerk must enter default "[w]hen a party against whom a judgment for affirmative

7    relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

8    otherwise."  Fed. R. Civ. P. 55(a).

9              **b.      Substantive Requirements**

10             Granting or denying default judgment is within the court's sound discretion.  *Draper v.*

11   *Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir.

12   1980).  The court is free to consider a variety of factors in exercising its discretion.  *Eitel v. McCool*,

13   782 F.2d 1470, 1471–72 (9th Cir. 1986).  Among the factors that may be considered by the court

14   are (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3)

15   the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a

16   dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the

17   strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits

18   (together, the "*Eitel* factors").  *Id.* at 1471–72

19             The Ninth Circuit has identified seven factors (together, the "*Eitel* factors") that a court

20   considers when determining whether to grant a default judgment: (1) the possibility of prejudice to

21   the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint;

22   (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) the strong

23   policy favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

24             On an application for a default judgment, the factual allegations in the complaint are taken

25   as true, with the exception of those regarding damages.  *See TeleVideo Sys., Inc.*, 826 F.2d at 917–

26   18 (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ.

27   P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a

28   responsive pleading is required and the allegation is not denied.").  "[N]ecessary facts not contained

1   in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*

2   *v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  "A default judgment must not differ in kind

3   from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

4         **2.**      **Analysis**

5             **a.**      **Procedural Requirements**

6         Plaintiff's motion does not satisfy the procedural requirements for a default judgment

7   because its requested relief is different from that pleaded in the Complaint.  Specifically, Plaintiff

8   requests entry of a default judgment order releasing it "and its affiliates and agents" from "further

9   liability arising out of or relating to the Annuity or Annuity Payments" and the dismissal with

10  prejudice of "[a]ny and all claims, demands, debts, or causes of action arising out of or relating to

11  the Annuity or Annuity Payments that could have been asserted" by Defendants in this lawsuit (Doc.

12  15-1 at 9–10).  However, Plaintiff pleads in its Complaint for a declaration determining whether

13  Defendant Vogel or Defendant Rodriguez, as trustee, should be the payee of the Annuity Payments.

14  (Compl. ¶ 25; *id*. at p. 7 ("Request for Relief").)  Because a default judgment releasing Plaintiff (and

15  its affiliates and agents) from liability and the dismissal with prejudice of present and future claims

16  would "differ in kind from . . . what is demanded in the pleadings," the undersigned recommends

17  that Plaintiff's request for declaratory judgment be denied for this reason.  *See* Fed. R. Civ. P. 54(c);

18  *Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962).  *See also Trustees of Const. Indus. &*

19  *Laborers Health & Welfare Tr. v. Ramco Masonry, Inc*., No. 2:06-CV-00347-LRHVPC, 2007 WL

20  2248069, at *1 (D. Nev. Aug. 2, 2007) (denying the plaintiffs' application for default judgment

21  because it "requests relief wholly different than that prayed for in their complaint.").

22            **b.**      **Substantive Requirements**

23        The *Eitel* factors also weigh against granting Plaintiff's motion.

24        Taken together, the second and third factors, related to the substantive claims pleaded in the

25  complaint as well as its general sufficiency, address whether the complaint is sufficient to state a

26  claim that supports the relief sought.  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978);

27  *see also DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).  Here, the Complaint pleads a

28  single claim for declaratory relief under the Declaratory Judgment Act.  The Act provides that

1  district courts, "[i]n a case of actual controversy within in its jurisdiction[,] . . . may declare the

2  rights and other legal relations of any interested party seeking such declaration, whether or not

3  further relief is or could be sought."  28 U.S.C. § 2201(a).  A claim for declaratory judgment must

4  be supported by sufficient factual allegations to state a claim for relief.  *See Power Probe, Inc. v.*

5  *Sullivan*, Case No. 15–cv–01404–JLS, 2016 WL 7496841, at \*2 (C.D. Cal. Feb. 23, 2016).

6        While the Complaint alleges sufficient facts for the Court to determine that a controversy

7  exists as to the proper direction of the current and future Annuity Payments, the Complaint does not

8  contain any factual allegations as to who is the proper payee.  Even given Defendant Vogel's

9  allegations of "misconduct or mismanagement of trust assets" by Defendant Rodriguez as trustee of

10 the Trust (Compl. ¶ 20), the Court cannot declare from this fact alone who is the proper payee of

11 the current and future Annuity Payments, since there has been no determination that the allegations

12 are true.  That Defendant Vogel "desires to terminate" the Trust is irrelevant to the determination of

13 identity of the proper payee of the Annuity Payments, as, taking Plaintiff's allegations as true, the

14 Trust remains in effect.  (*See id.* ¶ 21.)  "The dearth of factual allegations supporting any specific

15 declaratory relief cautions against granting default judgment."  *Helwan Cement S.A.E. v. Tahaya*

16 *Misr Inv. Inc.*, No. 2:17-cv-00543-CAS (AFMx), 2017 WL 2468775, at \*4 (C.D. Cal. June 5, 2017).

17       It is for this same reason that the fifth *Eitel* factor also weighs heavily against the issuance

18 of a default judgment.  As the Court has no basis for reaching any conclusion about the relevant

19 material facts, there is a high possibility that there would be a dispute about these facts if the Court

20 issued a declaratory judgment based on this default.  *See Al Aqeelah Int'l Real Est. Co. v. DACA*

21 *Castaic, LLC*, No. CV 21-2141 JVS (JEMx), 2021 WL 2953173, at \*3 (C.D. Cal. May 5, 2021)

22 (denying motion for default judgment).  The sixth factor, the strong policy favoring decisions on the

23 merits, similarly weighs against entry of a default judgment, particularly where there is a dearth of

24 factual allegations.  *See id.*

25              **c.      Nature of the Relief Sought**

26       Finally, the terms of the declaratory judgment sought in the motion for default judgment do

27 not support awarding such relief.  As explained by the Ninth Circuit,

28

8

> The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.

*McGraw-Edison Co. v. Preformed Line Prod. Co.*, 362 F.2d 339, 342 (9th Cir. 1966) (quoting BORCHARD, DECLARATORY JUDGMENTS, 299 (2d ed.1941)).  The discretion "must be exercised by the trial court with a view to the complete solution of the differences between the litigants." *Taiwan C.R. Litig. Org. v. Kuomintang Bus. Mgmt. Comm.*, No. C 10-0362 VRW, 2011 WL 13376927, at *4 (N.D. Cal. Jan. 18, 2011) (quoting *Prod. Eng'g & Mfg., Inc. v. Barnes*, 424 F.2d 42, 44 (10th Cir. 1970)).

These considerations require that the court deny Plaintiff's request for a declaratory judgment at this juncture.  Among other things, a declaration of the sort requested by Plaintiff in its motion, *i.e.*, a release of liability and dismissal of claims, would not result in any final determination of the rights of the parties, as the question of who the proper payee of the Annuity Payments is would remain uncertain. *See Taiwan C.R. Litig.,* 2011 WL 13376927, at *4.  Moreover, it is unclear how this Court could, absent agreement by Defendants, "dismiss with prejudice" claims that are not currently part of this lawsuit.

In sum, the undersigned finds that default judgment is not appropriate in this case.  Four of the *Eitel* factors weigh against granting the motion.  Without a factual record, the Court is not able to enter a declaratory judgment as to the proper direction of the held and remaining payments due under the Annuity.  There is no evidence that allow the Court to determine whether Defendant Vogel, Defendant Rodriguez, as trustee of the Trust, or a third party, should be the payee of the held and remaining Annuity Payments. *See Al Aqeelah Int'l*, 2021 WL 2953173, at *3.  Furthermore, the declaratory judgment relief requested in the motion fails to comply with Rule 54(c) because it differs from the Complaint, and it does not advance the policy in favor of awarding declaratory relief because it does not "serve a useful purpose in clarifying and settling the legal relations in issue." *McGraw-Edison Co.*, 362 F.2d at 342.  For these reasons, the undersigned recommends that Plaintiff's motion for default judgment be denied.

**B.      Motion for Leave to Deposit Funds**

Plaintiff moves the Court, pursuant to Federal Rule of Civil Procedure 67, for leave to deposit into the registry of the Court "the held Annuity Payment in the amount of $50,000.00 and each remaining Annuity Payment, as it becomes due under the schedule set forth in the Annuity, until further order of this Court." (Doc. 14-1 at 5.)

### 1.      Legal Standard

Federal Rule of Civil Procedure 67(a) provides, in pertinent part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Rule 67 relieves a party of the responsibility for disputed funds, until the Court determines how the funds should be divided.  *Qwest Corp. v. City of Portland*, 204 F.R.D. 468, 470 (D. Or. 2001). *Accord Alstom Caribe, Inc. v. Geo. P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007) ("The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund amount those claiming some entitlement thereto.")).

Whether Rule 67 relief should be available is a matter within the discretion of the court. *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, No. 2:20-CV-401-RSM-DWC, 2020 WL 5526686, at *2 (W.D. Wash. Sept. 15, 2020) (citing *Cajun Elec. Power Coop. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990)).  "In deciding whether to exercise their discretion, federal courts have looked to whether the amount sought to be deposited was definite; whether the funds could be deposited all at once or whether there would be repeated deposits that would impose an undue burden on the clerk of court; and whether the party seeking leave to deposit the funds had demonstrated a likelihood of success on the merits." *Icicle Seafoods, Inc.*, 2020 WL 5526686, at *2 (quoting *Kansas City S. Ry. Co. v. Borrowman*, No. 09-3094, 2009 WL 3188305, at *4 (C.D. Ill. Sept. 30, 2009)).

### 2.      Analysis

Considering the factors identified in *Icicle Seafoods*, the Court finds that the motion for leave to deposit funds should be denied.  Given the Annuity Payments are to be made on a schedule and

10

1   not all at once, the Clerk of Court will be unduly burdened by the repeated deposits.  *See Bank of*

2   *New York Mellon as Tr. for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2007-12T1,*

3   *Mortg. Pass-Through Certificates, Series 2007-12T1 v. Meister Park Homeowners Ass'n*, No. 2:16-

4   cv-01969-GMN-GWF, 2021 WL 796138, at *2 (D. Nev. Mar. 2, 2021) (denying leave to deposit

5   rental payments because they will "be deposited on numerous occasions" and burden the court

6   clerk).  In addition, the Court cannot conclude that Plaintiff has demonstrated a likelihood of success

7   on the merits, for the reasons previously set forth.  *See* Section A.1.b.2, *supra*.

8                                          **V.      ORDER AND RECOMMENDATION**

9              In view of the foregoing, IT IS HEREBY ORDERED that Plaintiff American General Life

10   Insurance Company's motion for leave to deposit funds into the registry of the Court (Doc. 14) is

11   DENIED.

12

13             Further, IT IS HEREBY RECOMMENDED that Plaintiff American General Life Insurance

14   Company's motion for default judgment (Doc. 15) be DENIED.

15             These findings and recommendation are submitted to the district judge assigned to this

16   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one

17   (21) days of service of this recommendation, any party may file written objections to these findings

18   and recommendations with the Court and serve a copy on all parties.  Such a document should be

19   captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge

20   will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C.

21   § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

22   waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th

23   Cir. 2014).

24
     IT IS SO ORDERED.
25

26   Dated:   **December 22, 2021**                              /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE
27

28

11