UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ESPERANZA VARGAS VOGEL, et al.,<br><br>Defendants. | No. 1:21-cv-00762-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 15, 17) |

Plaintiff brings this diversity action seeking a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, of the proper direction of annuity due under an annuity contract, i.e., who is the proper payee for the annuity payments. (Doc. No. 1.) On October 6, 2021, the Clerk of the Court entered default against defendants. (Doc. No. 13.) On November 2, 2021, plaintiff filed a motion for default judgment. (Doc. No. 15.) Pursuant to 28 U.S.C. § 636(b), the pending motion was referred to a United States Magistrate Judge for the issuance of findings and recommendations. (*See* Doc. No. 17 at 2 n.1.)

On December 27, 2021, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for default judgment (Doc. No. 15) be denied. (Doc. No. 17.) Specifically, the magistrate judge found that four of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), weigh against the granting of the motion, and

1

that the motion failed to comply with Federal Rule of Civil Procedure 54(c) because the relief requested therein differs from the relief sought in the complaint and does not advance the policy in favor of awarding declaratory relief. (Doc. No. 17 at 7–9.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were be filed within twenty-one (21) days after service. (*Id.* at 11.) On January 11, 2022, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 18.)

In its objections, plaintiff argues that the relief it seeks in the pending motion—a release of "liability relating to the annuity payments"—is not wholly different from the relief requested in its complaint—"a declaration as to whether [defendant] Vogel or [defendant] Rodriguez . . . should be payee" of the annuity payments. (Doc. No. 18 at 3.) According to plaintiff, the release of liability "would be an inherent result" of such declaration and is, therefore, "inherently encompassed in the relief sought in the complaint and is both equitably and justly awarded to [plaintiff] in light of defendants' inaction." (*Id.* at 3–4.) However, plaintiff does not cite any legal authority to support its position in this regard, and the undersigned has not identified any such legal authority.

In contrast, where defendants fail to appear in an *interpleader* action in which a disinterested stakeholder plaintiff seeks to ascertain the proper beneficiaries of funds and to be discharged from any liability related to the deposited interpleader funds, courts have granted default judgment in favor of the plaintiff and granted that requested relief. *See Metro. Life Ins. Co. v. Smith-Howell*, No. 1:18-cv-00164-MR, 2019 WL 281312, at *2 (W.D.N.C. Jan. 22, 2019), *judgment set aside*, 2019 WL 6337681 (W.D.N.C. Nov. 26, 2019); *see also Am. Gen. Life & Accident Ins. Co. v. Vincent Bros.*, No. 2:05cv-01295-GEB-DAD, 2005 WL 8176705, at *2 (E.D. Cal. Dec. 21, 2005) (granting plaintiff's motion for default judgment "consistent with the prayer in the complaint[,] . . . declaratory relief that this is a proper cause for interpleader and costs of suit," and "relief permanently enjoining defendant Brothers from instituting any proceeding against plaintiff with respect to the policy and releasing plaintiff from any liability to defendant Brothers under that policy"). Perhaps recognizing this distinction, in its objections, plaintiff states that it "is amenable to amending the complaint to assert a complaint in

interpleader" and requests leave to amend its complaint pursuant to Rule 15(a), noting that it will file an appropriate motion if necessary. (Doc. No. 18 at 6–7.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court conducted a *de novo* review of the case. Having carefully reviewed the file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

To the extent plaintiff wishes to amend its complaint as suggested in its objections to the findings and recommendations, plaintiff may seek the court's leave to do so by filing an appropriate motion pursuant to Rule 15(a).

Accordingly,

1. The findings and recommendations issued on December 27, 2021 (Doc. No. 17) are adopted in full;
2. Plaintiff's motion for default judgment (Doc. No. 15) is denied; and
3. The matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **May 3, 2022**

UNITED STATES DISTRICT JUDGE