UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFEINSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ESPERANZA VARGAS VOGEL, et al.,<br><br>Defendants. | No. 1:21-cv-00762-DAD-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(Doc. No. 24) |

This matter is before the court on the motion for leave to file a first amended complaint filed by plaintiff on May 20, 2022. (Doc. No. 24.) Because neither of the two named defendants have appeared in this action, and the Clerk of the Court entered default against them on October 6, 2021 (*see* Doc. No. 13), plaintiff's pending motion to amend is unopposed. Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, plaintiff's motion was taken under submission on the papers. (Doc. No. 26.)

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

1

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Here, the two named defendants are in default; they have not appeared in this action at all, let alone shown that granting plaintiff's motion for leave to file a first amended complaint would be prejudicial to them. Given defendants' default, granting plaintiff leave to amend its complaint will not cause undue delay. In addition, the court finds that plaintiff is not seeking to amend its complaint in bad faith. Rather, plaintiff filed the pending motion in direct response to the court's order adopting the assigned magistrate judge's findings and recommendations and denying plaintiff's motion for default judgment, in which the court noted that because plaintiff filed a declaratory relief action—not an interpleader action—the court could not grant the relief that plaintiff requested. (Doc. No. 22.) In that order, the court specifically stated that "[t]o the extent plaintiff wishes to amend its complaint as suggested in its objections to the findings and recommendations, plaintiff may seek the court's leave to do so by filing an appropriate motion pursuant to Rule 15(a)." (*Id.* at 3.) Plaintiff has now done so, and its request to amend its complaint consistent with the court's order is not futile.

Accordingly:

1. Plaintiff's motion for leave to file a first amended complaint (Doc. No. 24) is granted; and

/////

/////

2. Plaintiff is directed to file a first amended complaint consistent with this order within seven (7) days of the entry of this order.

IT IS SO ORDERED.

Dated: **May 26, 2022**

UNITED STATES DISTRICT JUDGE

3