# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | Case No. 1:21-cv-00762-ADA-SKO |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THE COURT HAS JURISDICTION OVER DEFENDANT'S MOTION TO SET ASIDE** |
| v. | (Doc. 59) |
| ESPERANZA VARGAS VOGEL and MONICO RODRIGUEZ, as Trustee of the Esperanza Vargas Special Needs Trust, | |
| Defendants. | |
| _____/ | |

On April 8, 2024, Defendant Esperanza Vargas Vogel ("Defendant") filed a motion to set aside, which is set for hearing on May 29, 2024. (Docs. 59, 61.) No response to the motion has been filed (*see* Docket), and the deadline to do so has passed. E.D. Cal. L.R. 230(c).

Defendant's motion seeks to set aside "entry of default" against her pursuant to Fed. R. Civ. P. 55(c). (*See* Doc. 59.) However, default ***judgment*** was entered against Defendant on December 22, 2022. (Doc. 53.) "Once default judgment has been entered, relief is governed by [Fed. R. Civ. P.] 60(b)," not Rule 55(c). *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). *See also* Fed. R. Civ. P. 55(c) (a court "may set aside a final default judgment under Rule 60(b))."

Rule 60(b) allows a court to set aside a default judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion to set aside a default judgment under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  "[A] district court lacks jurisdiction over an untimely [Rule] 60(b) motion." *Inland Concrete Enterprises, Inc. v. Kraft*, 318 F.R.D. 383, 396 (C.D. Cal. 2016).  *See also Icho v. Hammer*, 434 F. App'x 588, 589 (9th Cir. 2011) ("If a [Rule] 60(b)(1) motion is untimely, the district court lacks jurisdiction to consider the merits of the motion.") (citing *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (because the Rule 60(b)(2) motion was not timely filed, "the district court lacked jurisdiction to consider it" and the panel therefore did not need to address the merits of the appeal)).

Here, Defendant's motion was brought pursuant to Rule 55(c), not Rule 60(b).  It mentions Rule 60(b) only twice in passing, and specifically cites Rule 60(b)(1).  (*See* Doc. 59-1 at 5.)  Any attempt by Defendant to set aside the default judgment under Rule 60(b)(1), (2) or (3) is untimely, as her motion was brought more than a year after the entry of the judgment, and the Court would lack jurisdiction to consider it.  *See Inland Concrete*, 318 F.R.D. at 396.  The Court only has jurisdiction over Defendant's motion to set aside to the extent it is (i) based on Rule 60(b)(4), (5), and/or (6), and (ii) "made within a reasonable time." Fed. R. Civ. P. 60(c)(1).  Because Defendant does not address these requirements, the Court cannot determine whether it has jurisdiction to consider Defendant's motion.

Accordingly, **within fourteen (14) days of the issuance of this order**, Defendant SHALL show cause in writing why the Court has jurisdiction to consider the merits of her motion to set aside under Fed. R. Civ. P. 60.

**Failure to comply with this order will result in dismissal with prejudice of Defendant's motion to set aside due to lack of jurisdiction**.

IT IS SO ORDERED.

Dated:   **April 26, 2024**              /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE