# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ESPERANZA VARGAS VOGEL and MONICO RODRIGUEZ, as Trustee of the Esperanza Vargas Special Needs Trust,<br><br>Defendants. | Case No. 1:21-cv-00762-ADA-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND VACATING HEARING**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT'S MOTION TO SET ASIDE FOR LACK OF JURISDICTION**<br><br>(Docs. 59 & 62)<br><br>**14 DAY DEADLINE**<br><br>Clerk to Reassign to Another District Judge |

## I. INTRODUCTION

On April 8, 2024, Defendant Esperanza Vargas Vogel ("Defendant") filed a motion to set aside (Doc. 59), which is set for hearing on May 29, 2024 (Doc. 61). On April 26, 2024, the undersigned ordered Defendant to show cause why the Court has jurisdiction over her motion to set aside under Fed. R. Civ. P. 60. (Doc. 62.) Defendant did not file a response to the order to show cause, and the deadline to do so has passed.

The matter is deemed suitable for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the hearing set for May 29, 2024, will be vacated. For the reasons discussed below, the undersigned shall discharge the order to show cause and shall recommend that Defendant's motion to set aside be dismissed for lack of jurisdiction, as it is untimely.

## II. LEGAL STANDARD

Defendant's motion seeks to set aside "entry of default" against her pursuant to Fed. R. Civ. P. 55(c). (*See* Doc. 59.) However, default ***judgment*** was entered against Defendant on

December 22, 2022. (Doc. 53.) "Once default judgment has been entered, relief is governed by [Fed. R. Civ. P.] 60(b)," not Rule 55(c). *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). *See also* Fed. R. Civ. P. 55(c) (a court "may set aside a final default judgment under Rule 60(b))."

Rule 60(b) allows a court to set aside a default judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion to set aside a default judgment under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "[A] district court lacks jurisdiction over an untimely [Rule] 60(b) motion." *Inland Concrete Enterprises, Inc. v. Kraft*, 318 F.R.D. 383, 396 (C.D. Cal. 2016). *See also Icho v. Hammer*, 434 F. App'x 588, 589 (9th Cir. 2011) ("If a [Rule] 60(b)(1) motion is untimely, the district court lacks jurisdiction to consider the merits of the motion.") (citing *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (because the Rule 60(b)(2) motion was not timely filed, "the district court lacked jurisdiction to consider it" and the panel therefore did not need to address the merits of the appeal)).

### III.     ANALYSIS

Here, Defendant's motion was brought pursuant to Rule 55(c), not Rule 60(b). It mentions Rule 60(b) only twice in passing, and specifically cites Rule 60(b)(1). (*See* Doc. 59-1 at 5.) Any attempt by Defendant to set aside the default judgment under Rule 60(b)(1) is untimely, however, as her motion was brought on April 8, 2024, more than a year after the entry of the judgment on December 22, 2022. *See* Fed. R. Civ. P. 60(c)(1). In the order to show cause, Defendant was given the opportunity to establish an alternative basis for the Court's jurisdiction over her motion under Rule 60, but she did not respond to that order.

Accordingly, the undersigned finds that the Court lacks jurisdiction to consider Defendant's motion to set aside on its merits and it must be dismissed. *Nevitt*, 886 F.2d at 1188; *Wolff v. California*, 236 F. Supp. 3d 1154, 1164 (C.D. Cal. 2017) ([T]he Court has no authority or discretion to exercise jurisdiction over a Rule 60(b) motion that is not filed within the time permitted by the Rule."); *Inland Concrete*, 318 F.R.D. at 415 ("A court is required to dismiss an untimely Rule 60(b) motion for relief from judgment for lack of subject-matter jurisdiction . . . Where the Court lacks jurisdiction over a motion for relief from judgment, the Court may not reach the merits of the motion.").

### IV.   ORDER AND RECOMMENDATION

The Court's order to show cause (Doc. 62) is hereby DISCHARGED, and the hearing set for May 29, 2024 (*see* Doc. 61) is hereby VACATED.

For the reasons given above, IT IS RECOMMENDED that Defendant's motion to set aside (Doc. 59) be DISMISSED for lack of jurisdiction, as it is untimely.

<u>Due to the elevation of former U.S. District Judge Ana I. de Alba to the Ninth Circuit Court of Appeals, the Clerk of Court is DIRECTED to reassign another District Judge to this action</u>.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14) days after being served with these findings and recommendation**, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2024**                      /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE