1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    AMERICAN GENERAL LIFE INSURANCE          Case No. 1:21-cv-00762-KES-SKO
     COMPANY,
10                                            ORDER GRANTING DEFENDANT
                       Plaintiff,             VOGEL'S MOTION TO SET ASIDE
11                                            ENTRY OF DEFAULT AS TO HER
                                              CLAIM TO THE INTERPLEADED
12        v.                                  FUNDS, AND DECLINING TO ADOPT
                                              FINDINGS AND RECOMMENDATIONS
13

14   ESPERANZA VARGAS VOGEL and               Docs. 59, 64, 65
     MONICO RODRIGUEZ, as Trustee of the
15   Esperanza Vargas Special Needs Trust,

16                     Defendants.

17

18        On May 26, 2022, plaintiff American General Life Insurance Company ("American

19   General") filed an amended complaint in interpleader in this action concerning the proper

20   direction of payments due under an annuity contract.  Doc. 28.  American General's amended

21   complaint identifies defendant Esperanza Vargas Vogel ("Vogel") as the beneficiary of an annuity

22   and special needs trust created for Vogel when she was a minor, pursuant to a compromise of her

23   minor's claim for certain injuries sustained during birth.  *Id.*  The amended complaint identifies

24   defendant Monico Rodriguez as the trustee of the special needs trust.  *Id.*  The court determined

25   that both defendants were properly served but had failed to file an answer.  *See* Docs. 38, 39, 51.

26   The clerk entered defendants' defaults on August 9, 2022.  Doc. 41.

27        The court directed American General to deposit the annuity payment it held, minus an

28   award for attorney's fees and costs, into the court's registry.  Doc. 52.  Pursuant to the court's

order, American General deposited $41,358.54 into the court's registry on December 16, 2022. *See* 12/16/2022 docket entry.  The court also ordered American General to continue to deposit each remaining annuity payment into the registry of the court as the payments came due under the annuity contract, pending further order of the court.  Doc. 52.

On November 18, 2022, the court granted American General's motion for default judgment and dismissed American General from the case.  Doc. 51.  The court's order enjoined defendants from instituting or prosecuting any action against American General or its affiliates relating to the annuity or the annuity payments, discharged American General and related parties from further liability relating to the annuity or annuity payments (except insofar as the court separately ordered American General to pay the future annuity payments as directed by the court), and dismissed any claims by defendants against American General with respect to the annuity or annuity payments. Doc. 51 at 2–3.  The court awarded attorney's fees and costs to American General and dismissed American General from the action.  *Id.*  The court's order and judgment dismissing American General from this action did not resolve any claims by the defendants as to the interpleaded funds, including the future annuity payments ordered to be paid pursuant to the court's direction.

This action was closed on December 22, 2022.  Doc. 53.  However, the deposited funds remain held by the court and American General was ordered to deposit future annuity payments with the court as those annuity payments become due, pending the court's adjudication as to which defendant is entitled to the funds.  As American General has stated: "In accordance with the above orders, American General deposited the held Annuity Payment and will deposit all future Annuity Payments, when they become due, into the Court's Registry. . . . Until either of the Defendants asserts a claim for the Annuity Payments, the Annuity Payments will continue to be deposited into the registry of the Court and held in trust for the judicially-determined rightful payee."  Doc. 55 at ¶¶ 5–6.

On April 8, 2024, defendant Vogel filed a motion under Federal Rule of Civil Procedure 55(c) to set aside the entry of default against her.  Doc. 59.  On July 1, 2024, Vogel filed a motion and claim for disbursement of the funds.  Doc. 65.  In her motion to set aside the

1    default, Vogel does not seek relief from the court's default judgment for plaintiff American

2    General; rather, she seeks relief from the entry of default to assert her claim to the interpleaded

3    funds.  *See* Doc. 59.  The default judgment did not adjudicate any rights either defendant may have

4    as to such interpleaded funds, and Vogel does not seek to relitigate the judgment for plaintiff

5    American General.

6        On May 14, 2024, the assigned magistrate judge issued findings and recommendations,

7    recommending that Vogel's motion to set aside the entry of default be dismissed for lack of

8    jurisdiction, as the magistrate judge construed it as an untimely motion under Rule 60(b)(1) for

9    relief from the default judgment.  Doc. 64.  No party filed objections to the findings and

10   recommendations.  However, as noted above, Vogel does not seek relief from the judgment for

11   American General and, in any event, the default judgment was a partial judgment that did not

12   adjudicate the defendants' claims to the interpleaded funds.  As addressed below, the court has

13   jurisdiction to consider Vogel's motion under Rule 55(c) for relief from the entry of default to

14   allow her to pursue her claim to the interpleaded funds.  The court conducted a de novo review of

15   this case pursuant to 28 U.S.C. § 636(b)(1).  Having carefully reviewed the matter, the court

16   declines to adopt the findings and recommendations.

17   **I.    ANALYSIS**

18       The court's November 18, 2022 order and its December 22, 2022 default judgment

19   adjudicated the parties' rights affecting American General, but they were silent regarding any

20   claims of the defendants as to the interpleaded funds, including the future annuity payments.  *See*

21   Doc. 51, 53.  The court accordingly finds the December 22, 2022 judgment to be a partial

22   judgment under Federal Rule of Civil Procedure 54(b).  Under Rule 54(b), the court "may direct

23   entry of a final judgment as to one or more, but fewer than all, claims or parties."  Fed. R. Civ.

24   P. 54(b); *see also Transamerica Life Ins. Co. v. Estate of Ward*, No. CIV S-11-0433 JAM EFB,

25   2011 WL 5241257, at *5 (E.D. Cal. Oct. 31, 2011) (entering partial judgment under Rule 54(b) is

26   "a key first step in providing [the interpleader plaintiff] with the certainty and finality that

27   judgment in an interpleader is intended to provide.")

28

Interpleader is a two-stage process, and this court retains jurisdiction over the interpleaded funds. "An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2012) (quotation omitted). "If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." *Id.* at 1023–24 (citation omitted). The court retains jurisdiction to adjudicate claims to the deposited funds and the future annuity payments ordered to be deposited with the court when due. "When disputed assets are deposited into a court's registry, the court holds them in trust . . . for the benefit of whomsoever in the end they should be found to belong." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Arelma, Inc.*, 587 F.3d 922, 924 (9th Cir. 2009) (cleaned up and citations omitted).

Vogel does not dispute the default judgment addressing the rights of American General vis-à-vis the defendants. Instead, Vogel seeks relief from the entry of default against her so she can pursue her claim to the interpleaded funds, including the future annuity payments. Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *Franchise Holding II, LLC v. Huntington Restaurants Grp, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II*, 375 F.3d at 925 (citation omitted).

The court considers three factors to determine whether a party has established good cause: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *see also Franchise Holding II*, 375 F.3d at 925–26. Here, Vogel has established good cause for relief. She did not engage in culpable conduct that led to the default. Vogel also has a potentially meritorious defense (or claim in this case), as the amended complaint recognizes that she is the intended beneficiary of the annuity funds. Finally, setting

aside the default would not prejudice any other party, as Vogel does not dispute the default

judgment as to American General or the dismissal of American General from this case, and the

other named defendant, Monico Rodriguez, has made no attempt to appear or to set aside his own

default.  American General has also confirmed that it awaits an order confirming the proper payee

for future annuity payments.  Doc. 55 at 4.

## II.     CONCLUSION AND ORDER

Based upon the foregoing, the Court ORDERS:

1.     The court declines to adopt the findings and recommendations filed May 14, 2024
       (Doc. 64).

2.     Defendant's motion to set aside entry of default (Doc. 59) is GRANTED to the
       extent that defendant Vogel may pursue her claim to the interpleaded funds,
       including the future annuity payments currently ordered to be deposited with the
       court when due.

3.     The Clerk of Court SHALL reopen this case.

4.     Defendant Vogel's motion and claim for disbursement of the interpleaded funds,
       filed July 1, 2024, Doc. 65, shall be heard on September 16, 2024, at 1:30 p.m. in
       Courtroom 6 before District Judge Kirk E. Sheriff.  The hearing previously set for
       August 12, 2024, is VACATED.

5.     Any opposition to Vogel's motion, Doc. 65, is due 14 days from the entry of this
       order.  Vogel's reply, if any, shall be filed consistent with Local Rule 230(d).

6.     Vogel shall serve a copy of this order on defendant Monico Rodriguez and shall
       file a proof of service with the court.

IT IS SO ORDERED.

Dated:    August 2, 2024

_____
UNITED STATES DISTRICT JUDGE