1
2
3
4
5
6
7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11 | AMERICAN GENERAL LIFE              No. 1:21-cv-00762-KES-SKO
   | INSURANCE COMPANY,
12 |                                    ORDER FOR DISBURSEMENT OF
   |                    Plaintiff,      REGISTRY FUNDS
13 |
   |           v.                       ORDER GRANTING MOTION FOR
14 |                                    RELEASE OF FUNDS FROM COURT'S
   | ESPERANZA VARGAS VOGEL and         REGISTRY AND CONFIRMING
15 | MONICO RODRIGUEZ, as Trustee of the ESPERANZA VARGAS VOGEL AS PAYEE
   | Esperanza Vogel Special Needs Trust, OF ALL FUTURE ANNUITY PAYMENTS
16 |                                    FROM AMERICAN GENERAL LIFE
   |                    Defendants      INSURANCE COMPANY
17 |
18 |                                    Doc. 65

19

20        Defendant Esperanza Vargas Vogel's motion to disburse funds is before the Court in this

21 interpleader action brought by plaintiff American General Life Insurance Company.  Doc. 65.

22 Vogel seeks disbursement of certain funds American General placed in the court registry in

23 connection with a dispute regarding the proper recipient of annuity funds.  The motion is

24 unopposed. *See* docket.  For the reasons stated below, the motion is GRANTED.

25   **I.    PROCEDURAL HISTORY**

26        On May 26, 2022, plaintiff American General Life Insurance Company ("American

27 General") filed an amended complaint in interpleader in this action concerning the proper

28 direction of payments due under an annuity contract.  Doc. 28.  American General's amended

                                        1

complaint identifies defendant Vogel as the beneficiary of an annuity and special needs trust created for Vogel when she was a minor, pursuant to a compromise of her minor's claim for certain injuries sustained during birth. *Id.* The amended complaint identifies defendant Monico Rodriguez as the trustee of the special needs trust. *Id.* The Court determined that both defendants were properly served but had failed to file an answer. *See* Docs. 38, 39, 51. The clerk entered defendants' defaults on August 9, 2022. Doc. 41.

The Court directed American General to deposit the annuity payment it held, minus an award for attorney's fees and costs, into the court's registry. Doc. 52. Pursuant to the Court's order, American General deposited $41,358.54 into the court's registry on December 16, 2022. *See* 12/16/2022 docket entry. The Court also ordered American General to continue to deposit each remaining annuity payment into the registry of the Court as the payments came due under the annuity contract, pending further order of the Court. Doc. 52.

On November 18, 2022, the Court granted American General's motion for default judgment and dismissed American General from the case. Doc. 51. The Court's order enjoined defendants from instituting or prosecuting any action against American General or its affiliates relating to the annuity or the annuity payments, discharged American General and related parties from further liability relating to the annuity or annuity payments (except insofar as the Court separately ordered American General to pay the future annuity payments as directed by the Court), and dismissed any claims by defendants against American General with respect to the annuity or annuity payments. Doc. 51 at 2–3. The court awarded attorney's fees and costs to American General and dismissed American General from the action. *Id.* The Court's order and judgment dismissing American General from this action did not resolve any claims by the defendants as to the interpleaded funds, including the future annuity payments ordered to be paid pursuant to the Court's direction.

This action was closed on December 22, 2022. Doc. 53. However, the deposited funds remain held by the Court and American General was ordered to deposit future annuity payments with the court as those annuity payments become due, pending the court's adjudication as to which defendant is entitled to the funds. As American General stated: "In accordance with the

2

above orders, American General deposited the held Annuity Payment and will deposit all future Annuity Payments, when they become due, into the Court's Registry. . . . Until either of the Defendants asserts a claim for the Annuity Payments, the Annuity Payments will continue to be deposited into the registry of the Court and held in trust for the judicially-determined rightful payee."  Doc. 55 at ¶¶ 5–6.

On April 8, 2024, defendant Vogel filed a motion under Federal Rule of Civil Procedure 55(c) to set aside the entry of default against her. Doc. 59. On July 1, 2024, Vogel filed a motion and claim for disbursement of the funds. Doc. 65.  On May 14, 2024, the assigned magistrate judge issued findings and recommendations recommending that Vogel's motion to set aside the entry of default be dismissed for lack of jurisdiction, as the magistrate judge construed it as an untimely motion under Rule 60(b)(1) for relief from the default judgment.  Doc. 64.

This Court declined to adopt the findings and recommendations, reasoning that the default judgment against Vogel was only a partial judgment under Federal Rule of Civil Procedure 54(b). *See generally* Doc. 66.  As such, the partial judgment did not adjudicate Vogel's claim to the interpleaded funds, nor was Vogel challenging American General's rights as determined under the judgment.  *Id.*  Finding good cause, the Court therefore set aside the entry of default against Vogel, reopened the matter, and set the pending motion for disbursement of funds for hearing.  *Id.* at 5.

At the hearing on September 16, 2024, the Court directed Vogel to obtain a court order from the appropriate state court confirming that she is the proper payee under the special needs trust and clarifying the status of the trust. Doc. 69.  Vogel's motion for disbursement of funds was held in abeyance pending such state court proceedings.  *Id.*  On April 23, 2025, Vogel filed a status report indicating that her state court petition for termination of the special needs trust was approved and the court had named her as the sole beneficiary under the annuity and that she awaits the conformed copy of the court's order.  Doc. 72.  Vogel filed the court's conformed copy on May 5, 2025.  Doc. 73.

///

///

3

1    **II.    ANALYSIS**

2    The motion for disbursement of funds is GRANTED.  "When disputed assets are

3    deposited into a court's registry, the court holds [them] in trust . . . for the benefit of whomsoever

4    in the end [they] should be found to belong."  *Merrill Lynch, Pierce, Fenner and Smith, Inc. v.*

5    *Arelma, Inc.*, 587 F.3d 922, 924 (9th Cir. 2009) (cleaned up and citations omitted).  Per the terms

6    of the state court's order, (1) all notices have been given as required by law; (2) the Esperanza

7    Vargas Special Needs Trust is terminated; (3) all prior administration of the Trust is approved; (4)

8    the requirement of an accounting is waived; and (5) Esperanza Vogel, f/k/a Vargas, is the sole

9    annuitant under the American General Life Insurance, Annuity No. 404138, issued October 1,

10   2000.  Doc. 73, Ex. A.

11   The Court finds that Esperanza Vargas Vogel, who resides at 2147 A Street, Eureka, CA

12   95501, is entitled to the entire amount of principal and accumulated interest in this case.  The

13   Court further finds that Esperanza Vargas Vogel is the correct payee for all future annuity

14   payments from American General on the annuity that is the subject of this action.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1        Accordingly, the Court ORDERS:

2        1.  Petitioner's motion to disburse funds (Doc. 65) is GRANTED.

3        2.  The Clerk's Office is authorized and directed to release the funds deposited, and any

4            accrued interest, in the registry of the Court in Case No. 1:21-cv-00762-KES-SKO to

5            Esperanza Vargas Vogel, who resides at:

6                        2147 A Street
                         Eureka, CA 95501
7

8        3.  Esperanza Vargas Vogel is the correct payee for all future annuity payments from

9            American General on the annuity that is the subject of this action.  American General

10           is authorized and directed to pay all such future annuity payments to Esperanza Vargas

11           Vogel.

12       4.  The Clerk's Office is directed to CLOSE this case.

13

14

15   IT IS SO ORDERED.

16    Dated:    May 14, 2025    _____

17                             UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                5